## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Christopher Paul Coker, | Case No. 26-CV-2506-JWB-EMB |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Jarden, Rochester FMC and the Attorney General of the United States, | |
| Respondents. | |

Petitioner Christopher Paul Coker pleaded guilty in 2017 to one count of receipt and distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1). *See United States v. Coker*, No. 4:16-CR-40118-KES (D.S.D.). Coker is currently serving the sentence imposed for that offense at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). Coker filed a petition for a writ of habeas corpus now before the Court contending that the Federal Bureau of Prisons ("BOP") has unlawfully refused to award him time credits that he has earned towards his release under the First Step Act of 2018 ("FSA") and has failed to grant him the soonest possible transfer to prerelease custody to which he might be entitled under the Second Chance Act of 2007 ("SCA").

1

Coker's habeas petition is now before the Court on preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]  Having preliminarily reviewed the petition, this Court concludes that the petition should be denied and this case dismissed.

First, Coker appears to claim that because he committed a non-violent offense, he is eligible to receive time credits under the FSA.  Under the plain language of the FSA, however, "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under . . . Section 2252A, relating to certain activities involving material constituting or containing child pornography."  18 U.S.C. § 3632(d)(4)(D)(xlii).  Coker is a "prisoner . . . serving a sentence for a conviction under . . . Section 2252A."  *Id.*  Therefore, under the plain terms of the statute, Coker is ineligible to receive FSA time credits.

By contrast, Coker is not statutorily precluded from transfer to prerelease custody under the SCA.  *See* 18 U.S.C. § 3624(c).  However, Coker's second claim also fails as a habeas corpus challenge.  The SCA (as relevant to the habeas petition) concerns only *where* a prisoner will be placed

---

[1] Coker's habeas petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to the petition. *See* Rule 1(b).

in the final days of his sentence, not *how long* the prisoner will remain in custody. *See* 18 U.S.C. § 3624(c). Thus, "[a] claim that the BOP should transfer a prisoner to prerelease custody sooner under the SCA is not cognizable on habeas review." *Sierra-Serrano v. Warden, FCI Sandstone*, No. 25-CV-2274-KMM-EMB, 2026 WL 1045269, at *3 n.2 (D. Minn. Jan. 20, 2026) (citing *Moreno v. Eischen*, No. 25-CV-0209-JMB-JFD, 2025 WL 791219, at *1 (D. Minn. Feb. 12, 2025)); *accord Fortner v. Eischen*, 170 F.4th 655, 658 (8th Cir. 2026); *Spencer v. Haynes*, 774 F.3d 467, 469–71 (8th Cir. 2014).

Setting aside the problem that Coker's SCA claim is not a permissible ground for habeas review, "as this Court and other Courts in this District have continually noted, the BOP has exclusive authority to determine the placement of prisoners." *Burgess v. Warden of Rochester FMC*, No. 22-CV-2363-PAM-LIB, 2023 WL 4494342, at *2 (D. Minn. June 13, 2023) (citing 18 U.S.C. § 3624(c)(2); and *United States v. James*, No. 15-CR-255-SRN, 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020)). Federal law commits to the BOP the exclusive authority to determine where prisoners should be placed while those prisoners remain in BOP custody. *See generally* 18 U.S.C. § 3621. The SCA did not constrain that authority. *See* 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.").

Because Coker is not entitled to habeas relief, I recommend that his petition be denied and this case dismissed.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.    The petition for a writ of habeas corpus of petitioner Christopher Paul Coker (Dkt. No. 1) be DENIED.

2.    This case be DISMISSED.

Dated: May 18, 2026                    *s/ Elsa M. Bullard* _____
                                       Elsa M. Bullard
                                       United States Magistrate Judge


## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).